By the Court. Bosworth, J.
By an instrument in writing signed by Jane Hunt, and sealed with her seal, dated the 27th of September, 1843, acknowledged before a proper officer and delivered, and for a pecuniary consideration; Jane Hunt, sold and conveyed the paintings in question to the plaintiff.
The only respect in which the sale and transfer came short of a sale absolute in all respects, in presentí, is, that by the terms of the instrument, the defendant was to hold them for the use of the grantor during her life. She died on the 5th of February, 1844. The title passed at the time, but the purchaser’s possession of them during her life, was to be such that she might have such use and enjoyment of them during that time, as the nature of the property could, when thus owned and held, be made to furnish.
The defendants claim that the paintings are the property of Jane B. Moultrie, one of the defendants. They claim title from Col. Hunt, the father of said Jane B. and of the plaintiff.
There is not the slightest evidence, that Col. Hunt ever attempted to give or sell the paintings to Jane B. Moultrie, or convey to her any right to, or interest in them, or that he claimed to be competent to do so.
The defendants show no title, and the plaintiff, if he fails to recover, notwithstanding he shows a good paper title, must fail *537 by reason of bis being a party to an undertaking, as surety for bis father, in an action brought by the latter in June, 1854, to recover these paintings.
The undertaking itself does not recite that Ool. Hunt was owner of them, but merely “that the defendants wrongfully detained” them, and that, he claimed “the immediate delivery of such property.”
There is no evidence that the plaintiff in this action, read the affidavit refered to in that undertaking. The counsel under whose advice Col. Hunt commenced that action, “advised the suit to be brought by his son as owner of the property.” “ Col. Hunt was vexed With Moultrie; and insisted he would not bring the suit in his son’s name. That he would bring it as bailee.” The counsel “ advised him he could do so."
After the plaintiff’s grantor had died, he went to her then late residence for the paintings, and took them away.
I should conclude, from the whole evidence, that the plaintiff, after the death of his grandmother, had the paintings taken to his father’s. That, for his gratification, the latter was allowed to retain possession of them; and that, in this way, they were placed in the house of the defendants, who commenced housekeeping in the fall of 1853.
In February, 1854, or about that time, Col. Hunt went to the defendants, to reside with them, and continued there ■until April.
It is during this time, as the defendants claim, that Col. Hunt gave the paintings to his daughter, Jane B. Moultrie.
Col. Hunt left the defendants in or about April, 1854, and1 went to the residence of John A. Weisse, where he staid about six weeks. He went from that place to the plaintiff’s house, and staid there until he died.
The papers in the replevin suit commenced by Col. Hunt were put in evidence by the defendants.
Those papers bear date the 24th of June, 1854, and contain a sworn statement of Col. Hunt, that he left them with William Moultrie, as his trustee, to be kept for the plaintiff until he called for them.
The complaint in that suit, which is verified, states that Moultrie and Bechet wrongfully detained these portraits from Col. Hunt.
*538 On a careful consideration of the whole evidence, we think the finding of the Court at Special Term, that “the plaintiff is the owner of the eight several pictures mentioned,” in the complaint, should not be disturbed by us.
It having been found that the plaintiff was the owner of the property, and the defendants showing no right to the possession of them, the plaintiff had a right to insist that they should be delivered into his possession.
But it is urged in behalf of the defendants, that the plaintiff is estopped from claiming title, for the reasons—first, that he has asserted- the title to be in another; second, because he has stood by’in silencé and seen a third person mdfcing repairs to and expending money, on the pictures; and third, because he allowed such repairs to go, on without asserting his own title.
A declaration that the property belonged to another, would be strong evidence against the plaintiff, but would not of itself conclude him. (Wallis v. Truesdel, 6 Pick. 457; Maybee v. Sniffen, 2 E. D. Smith, 1.)
Palmer does not testify, that in the conversation of which he spoke, Moultrie claimed title or ownership, or that the plaintiff disclaimed it. The remark, that “ Moultrie was foolish in spending money on the pictures in repairing them,” in the absence of any claim of right by Moultrie, and of all evidence of title on his part, should not bar the plaintiff from asserting title.
The statement of the plaintiff, testified to by George H. Moultrie, was not communicated to the defendant, and cannot, therefore, be said to have influenced his conduct.
It is not operating to his prejudice, or as a fraud upon him, to allow the plaintiff to prove that, in truth, he was the sole, absolute owner.
If there was any evidence that Col. Hunt had sold or given the paintings to either of the defendants, and that the plaintiff knowing this, or that the defendants believing themselves to be owners, were expending moneys to repair them, and that, knowing this, the plaintiff had suffered such expenses to be incurred, without interposing a claim of title, a different case would be presented.
But there is an entire absence of any evidence to show that the defendants ever supposed they had any title, or that *539 the plaintiff, to their knowledge, ever disclaimed ownership, or asserted the title to be in another. -
We think that nothing was proved by the defendants which estopped the plaintiff from asserting and proving the title to be in himself, and that the finding by the Court, that he was the actual owner, is not so clearly against evidence as to justify us in granting a new trial on that ground. Mr. and Mrs. Weisse prove satisfactorily that there were eight'pictures, and sufficiently identify them.
The judgment should be affirmed.